41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dean E. COCHRAN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 93-3478.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 15, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dean E. Cochran was hired as a casual mail carrier with the United States Postal Service for a ninety-day period beginning in June 1991. At that time he was told that his employment with the Postal Service might be renewed for additional ninety-day periods not to exceed one year. In October 1991, Cochran began a second ninety-day employment period and at the close of this period Cochran was not invited to continue working for the Postal Service.
 
 
 2
 Cochran brought suit against the Postal Service for violating the Equal Pay Act, 29 U.S.C. Sec. 206(d), by paying him less than permanent employees, and for breach of an oral agreement to employ him for one year. The Postal Service filed a motion for summary judgment which the district court construed as a motion to dismiss and granted with prejudice in favor of the Postal Service.[1] Cochran appeals this decision.
 
 
 3
 We review the district court's dismissal for failure to state a claim de novo and accept all well-pleaded factual allegations made in the complaint as true, drawing all reasonable inferences from the allegations in the plaintiff's favor. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir.1992), cert. denied, 113 S.Ct. 2421 (1993). We will affirm the court's dismissal if "it appears that [the plaintiff] can prove no set of facts in support of this claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 4
 Under the Equal Pay Act a prima facie case requires a claimant to establish that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Corning Glass Work v. Brennan, 417 U.S. 194, 195 (1974). Cochran does not allege that female casual carriers are paid higher wages than male carriers, but that permanent mail carriers are paid higher wages than casual mail carriers. Since Cochran does not claim the differences in wages are based upon sex, he has not stated a claim under the Equal Pay Act. Soto v. Adams Elevator Equip. Co., 941 F.2d 543, 548 (7th Cir.1991) (Stating the elements of a prima facie case of salary discrimination under the Equal Pay Act are that different wages are paid to employees of the opposite sex, employees do equal work requiring the same level of skill, effort, and responsibility, and employees have similar working conditions.)
 
 
 5
 We agree with the district court that the complaint in this case establishes that a maximum, not a minimum, time limit existed for Cochran's employment with the Postal Service. The complaint claims that Cochran was a casual carrier who was to be employed for a maximum of four ninety-day periods and that termination of Cochran's employment prior to reaching the one year maximum did not violate any employment promise.
 
 
 6
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 When a plaintiff proceeds pro se, the defendant must provide the plaintiff with a copy of the text of Rule 56(e) and notice of the consequences and how to respond to a summary judgment motion. Timms v. Franks, 953 F.2d 281, 285 (7th Cir.), cert. denied, 112 S.Ct. 2307 (1992). The Postal Service maintains that Cochran received the notice required by Timms in a letter by the United States Attorney dated February 17, 1993. While Cochran refers to a letter of that date in his request for default, the Postal Service did not add a copy of the letter to the Service's memorandum in support of summary judgment and we could not find a copy of the letter anywhere in the record